## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, | : | C.A. No. 06-237 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| RUTH A. WILDS AND JOAN L. GEIGER | : | |
| | : | |
| Defendants. | : | |

## ANSWER, COUNTERCLAIM, AND CROSS-CLAIM

Defendant Joan L. Geiger, by and through her counsel, John F. Brady, Esquire of the law firm of Brady, Richardson, Beauregard & Chasanov, of Georgetown, Delaware, hereby answers the Amended Complaint in this action as follows:

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Denied.

5.     Admitted.

6.     Denied.   Defendant Joan L. Geiger believes that the Service Request Form to which paragraph 6 refers was submitted by Defendant Ruth A. Wilds.

7.     Admitted that a dispute arose as to the beneficiary change and that ANICO thereafter changed the beneficiary designation back to the original designee, Defendant Joan L.

1

Geiger. By way of further answer, Defendant Joan L. Geiger alleges that the purported change of beneficiary designation to Ruth A. Wilds and Granville Wilds, Sr. was invalid and of no legal force or effect because it was induced by fraud, trickery, and undue influence, and that Ruth L. Geiger did not intend the purported change.

8.    Admitted.

9.    Admitted.

10.    Admitted that Defendant Ruth A. Wilds purported to submit a claim for annuity benefits; denied that she had any right to so claim and that she had or has any right to payment of the annuity benefits.

11.    The first sentence of paragraph 11 is admitted. The second sentence of paragraph 11 states a legal conclusion as to which no responsive pleading is required.

12.    Defendant Joan L. Geiger lacks sufficient information to admit or deny the allegations stated in paragraph 12.

13.    Defendant Joan L. Geiger repeats and realleges the responses set forth in paragraphs 1 through 12 as though fully set forth herein.

14.    Paragraph 14 states matters of law as to which no responsive pleading is required.

15.    Admitted, except denied that Defendant Ruth A. Wilds had or has any right to payment of the annuity benefits under the Policy.

## COUNTERCLAIM

Defendant Joan L. Geiger, by and through her counsel, John F. Brady, Esquire of the law firm of Brady, Richardson, Beauregard & Chasanov, of Georgetown, Delaware, hereby alleges for her Counterclaim against Plaintiff American National Insurance Company as follows:

2

1.     On June 18, 2003, Ruth L. Geiger purchased a Flexible Premium Deferred Annuity (the "Annuity") from Plaintiff American National Insurance Company ("ANICO"). At that time Ruth L. Geiger indicated the annuity beneficiary as Defendant Joan L. Geiger.

2.     Upon information and belief, a change of beneficiary form for the Annuity was purportedly submitted to ANICO directing that the beneficiary be changed from Defendant Joan L. Geiger to defendant Ruth A. Wilds; however, any such form was invalid as it was never intended by Ruth L. Geiger that a change in beneficiary be made.

3.     Plaintiff ANICO nevertheless made the change.

4.     When Plaintiff ANICO was informed that the change was unintended by Ruth L. Geiger, ANICO reversed the change, so that the designated beneficiary in its records is Defendant Joan L. Geiger.

5.     On January 11, 2006, Ruth L. Geiger died.

6.     At the time of Ruth L. Geiger's death, Defendant Joan L. Geiger was the sole designated beneficiary under the Annuity.

7.     On or about January 18, 2006, Defendant Joan L. Geiger submitted to Plaintiff ANICO a Request for Payment of benefits under the Annuity, thus perfecting her claim to payment of the entire amount due under the Annuity.

8.     Although it has admitted its liability, ANICO has refused to pay such benefits to Defendant Joan L. Geiger.

9.     ANICO's refusal to pay the benefits due under the Annuity to Joan L. Geiger constitutes a breach of the Annuity contract, which was created when Ruth L. Geiger purchased the Annuity through payment of monetary consideration.   Ruth L. Geiger substantially

3

performed all acts required of her under such contract. Joan L. Geiger is a third party beneficiary of said contract, and is entitled to recover for ANICO's breach thereof.

WHEREFORE, Defendant Joan L. Geiger respectfully seeks an order of the Court:

a. Declaring that ANICO is liable to pay the Annuity benefits to Joan L. Geiger;

b. Directing that ANICO pay the Annuity benefits to Joan L. Geiger, together with pre-judgment and post-judgment interest;

c. Entering judgment in the amount of the value of the Annuity benefits against ANICO and in favor of Joan L. Geiger;

d. Awarding the costs of this proceeding, including reasonable attorney's fees, to Joan L. Geiger; and,

e. Awarding such other relief as the Court deems just and proper.

## CROSS-CLAIM

Defendant Joan L. Geiger, by and through her counsel, John F. Brady, Esquire of the law firm of Brady, Richardson, Beauregard & Chasanov, of Georgetown, Delaware, hereby alleges for her Crossclaim against Defendant Ruth A. Wilds as follows:

1.    On June 18, 2003, Ruth L. Geiger purchased a Flexible Premium Deferred Annuity (the "Annuity") from Plaintiff American National Insurance Company ("ANICO"). At that time Ruth L. Geiger indicated the annuity beneficiary as Defendant Joan L. Geiger.

2.    On or about December 1, 2005, Defendant Ruth A. Wilds, through fraud, trickery and/or undue influence, actively procured a purported beneficiary designation from Ruth L. Geiger, her mother, by causing her to sign a document purporting to change the Annuity beneficiary designation, purportedly removing Joan L. Geiger as beneficiary, and purportedly replacing her with Ruth Ann Wilds as primary beneficiary and Granville Wilds, Sr. as contingent

4

beneficiary. Because of advanced age, and because of the fraud, trickery, and/or undue influence of Ruth A. Wilds, Ruth L. Geiger did not know, when she signed the document proffered to her by Ruth A. Wilds, what the document was, or what it purported to do. When she caused Ruth L. Geiger to sign the document, Defendant Ruth A. Wilds secured two witnesses to the signature of the document. When Ruth L. Geiger later learned, on or about December 15, 2005, what the document purported to do, she (i) sought the assistance of the Maryland State Police, who commenced a fraud investigation, and (ii) immediately informed ANICO that she never intended to change the original beneficiary designation on the Annuity, and caused ANICO to reverse the purported change, so that Joan L. Geiger would once again appear in ANICO's records as the sole beneficiary.

3.     On January 11, 2006, Ruth L. Geiger died.

4.     On or about January 18, 2006, Defendant Joan L. Geiger submitted to Plaintiff ANICO a Request for Payment of benefits under the Annuity, thus perfecting her claim to payment of the entire amount due under the Annuity.

5.     On or about February 3, 2006, Defendant Ruth A. Wilds purported to claim the Annuity benefits, despite her knowledge that Ruth L. Geiger had never intended to name her as a beneficiary, that she had tricked and/or defrauded Ruth L. Geiger into signing the document purporting to change the Annuity beneficiary designation, and that Ruth L. Geiger had caused ANICO to reverse the purported change.

6.     As a result of Ruth A. Wilds' purported claim, Plaintiff ANICO refused to pay the Annuity benefits to Defendant Joan L. Geiger, and instead commenced this Interpleader action, delaying payment of the benefits to Joan L. Geiger and causing her to incur expenses, including attorneys' fees, to protect her rights.

5

## COUNT I

### Tortuous Interference through Fraud, Trickery and/or Undue Influence

7.     Defendant repeats and realleges all of the above paragraphs of this Crossclaim as if fully set forth herein.

8.     Defendant Joan L. Geiger was designated as the sole beneficiary of the Annuity, and had a legitimate expectancy to receive the Annuity benefits upon the death of Ruth L. Geiger, free from interference through fraud, trickery, undue influence, or any other wrongful conduct.

9.     As alleged above, Defendant Ruth A. Wilds, through fraud, trickery, and/or undue influence, as described above, caused a purported change in beneficiary designation, attempting to usurp Joan L. Geiger's status as sole beneficiary under the Annuity, and even though her wrongdoing was discovered and the purported wrongful change of beneficiary was reversed, Defendant Ruth A. Wilds nevertheless purported to claim the Annuity benefits.

10.     Defendant Ruth A. Wilds was not privileged in any way to take such actions.

11.     As a result of the actions of Defendant Ruth A. Wilds, Defendant Joan L. Geiger has suffered harm for which she is entitled to recover compensatory damages.

12.     The conduct of Defendant Ruth A. Wilds was gross, oppressive, and aggravated, and involved fraud, trickery and deceit practiced upon an elderly person with whom Defendant Ruth A. Wilds cultivated and exploited a relationship of trust and confidence; accordingly, in addition to recovering compensatory damages, Defendant Joan L. Geiger is entitled to an award of punitive damages against Defendant Ruth A. Wilds.

WHEREFORE, Defendant Joan L. Geiger respectfully seeks an order of the Court:

a. Declaring that the purported change of beneficiary of the Annuity in favor of Defendant Ruth A. Wilds was of no legal force or effect, that Defendant Ruth A. Wilds has no claim to the Annuity benefits, and that Defendant Joan L. Geiger is the sole beneficiary under the Annuity and entitled to receive the benefits;

b. Awarding her compensatory damages against Defendant Ruth A. Wilds, to include the costs of delay and the costs of this proceeding, including counsel fees, as well as any other compensatory damages proved at trial;

c. Awarding her punitive damages against Defendant Ruth A. Wilds; and

d. Awarding such other relief as the Court deems just and proper.

John F. Brady, Esquire
Bar ID No.: 2977
Brady, Richardson, Beauregard & Chasanov
10 E. Pine Street
P.O. Box 742
Georgetown, Delaware 19947
302-856-7361

Dated: May 17, 2006

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **AMERICAN NATIONAL** | | |
| **INSURANCE COMPANY,** | : | **C.A. No. 06-237** |
| | : | |
| **Plaintiff,** | | |
| | : | |
| **vs.** | | |
| | : | |
| **RUTH A. WILDS AND** | | |
| **JOAN L. GEIGER** | | |
| | : | |
| **Defendants.** | : | |

## AFFIDAVIT OF SERVICE

STATE OF DELAWARE :
               : ss.
SUSSEX COUNTY    :

I, John F. Brady, Esquire, being duly sworn according to law, do depose and say that on

May 17, 2006, I caused a copy of the attached **ANSWER, COUNTERCLAIM, AND CROSS-**

**CLAIM** of defendant Joan L. Geiger to be served on the following by first class mail:

Ruth A. Wilds
213 Fourth Street
Crumpton, MD 21628

Ruth A. Wilds
P. O. Box 53
Crumption, MD 21628

Bradley L. McFee, Sr., Esquire
608 Baltimore Avenue
Towson, MD 21204

Robert J. Katzenstein, Esquire
Etta R. Wolfe, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P. O. Box 410
Wilmington, Delaware19899-0410


John F. Brady, Esquire
Bar ID No.: 2977
Brady, Richardson, Beauregard & Chasanov
10 E. Pine Street
P.O. Box 742
Georgetown, Delaware 19947
302-856-7361


Dated: May 17, 2006

LAW OFFICES
OF

*Brady, Richardson, Beauregard & Chiasson, LLC*

10 EAST PINE STREET
P.O. BOX 742
GEORGETOWN, DELAWARE 19947-0742

TO:

United States District Court
For the District of Delaware
844 North King Street
Room #429, Lox Box 18
Wilmington, Delaware 19801





