The Law Offices of
# Bradley L. MacFee, Sr.
608 Baltimore Avenue
Towson, Maryland 21204
Phone: (410) 825-5255/Fax: (410) 321-8906

June 15, 2006

The United States District Court for the District
of Delaware
Office of the Clerk (civil)
J. Caleb Buggs Federal Building
844 N. King Street
Wilmington, Delaware 19801



**RE: ANICO v. Wilds & Geiger**
**Civil No.: 06-237**

Dear Sir:

Enclosed please find a copy of Defendant Ruth Wilds' Answer to Amended
Complaint, Counterclaim, Answer to Crossclaim and Crossclaim.

While Ms., Wilds will be retaining alternate counsel to litigate this matter in
Delaware, please feel free to contact me should you have any questions regarding these
documents.

Very Truly Yours,

Bradley L. MacFee, Sr.

BLM/ehh
encl (pleadings)
cc: J. Brady, Esq.
    E. Wolfe, Esq.
    R. Wilds
    J. Geiger

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
DELAWARE

AMERICAN NATIONAL                          *
INSURANCE COMPANY, INC.
                                           *

            Plaintiff
                                           *      Civil No.:  06-237
v.
                                           *

RUTH A. WILDS and
JOAN L. GEIGER                             *

            Defendants                     *

    *    *    *    *    *    *    *    *    *    *    *

**DEFENDANT RUTH A. WILDS' ANSWER TO AMENDED COMPLAINT, AND
COUNTERCLAIM AGAINST THE AMERICAN NATIONAL INSURANCE
COMPANY, ANSWER TO CROSS-CLAIM, AND CROSS-CLAIM AGAINST
JOAN L. GEIGER**

    COMES NOW, the Defendant, Ruth A. Wilds, through undersigned counsel, and

who files her Answer to the Amended Complaint filed by the Plaintiff, and who in

addition files her Counterclaim and Cross-Claim, and in support thereof does state:

    1.      That she admits the allegations set forth in paragraph number one of the

Plaintiff's Amended Complaint, and;

    2.      That she admits the allegations set forth in paragraph number two of the

Plaintiff's Amended Complaint, and;

    3.      That she admits the allegations set forth in paragraph number three of the

Plaintiff's Amended Complaint, and;

    4.      That she admits the allegations set forth in paragraph number four of the

Plaintiff's Amended Complaint, and;

    5.      That she admits the allegations set forth in paragraph number five of the

Plaintiff's Amended Complaint, and;

      6.      That she admits the allegations set forth in paragraph number six of the Plaintiff's Amended Complaint, and further states, and therefore avers that on November 28, 2005, said change of beneficiary form was voluntarily executed not only by the Annuitant, but by both Betsy Longmire and Agnes L. Marsh, independent witnesses, and that the decision by the Decedent to change the beneficiary from Joan L. Geiger to Ruth A. Wilds was made voluntarily, intelligently and with complete knowledge of the consequences thereof, (see "Service Request Form," attached hereto and incorporated as Defendant Wilds' Exhibit A), and;

      7.      That she admits the allegations set forth in paragraph number seven of the Plaintiff's Amended Complaint, and she further states, and therefore avers that upon learning of her mother's decision to change the beneficiary on the annuity from her, to her sister, Joan L. Geiger did make a fraudulent police report with the Maryland State Police whereby she falsely reported that her sister was physically abusing their mother, that Joan L. Geiger misled the police, specifically Trooper William McFarland, duping him into far exceeding the proper scope of his duties as an investigator of alleged criminal activity, and that the change in beneficiary from Ruth A. Wilds to her was made in response to false and misleading information provided to the Plaintiff by Joan L. Geiger, and;

      8.      That she admits the allegation set forth in paragraph number eight of the Plaintiff's Amended Complaint, and;

      9.      That she admits the allegation set forth in paragraph number nine of the Plaintiff's Amended Complaint, and;

      10.      That she admits the allegation set forth in paragraph number ten of the

Plaintiff's Amended Complaint, and;

11.     That she admits the allegations set forth in paragraph number eleven of the

Plaintiff's Amended Complaint, and;

12.     That the Plaintiff admits the allegation set forth in paragraph number

twelve of the Plaintiff's Amended Complaint.

## DEFENDANT RUTH A. WILDS' COUNTERCLAIM AGAINST PLAINTIFF AMERICAN NATIONAL INSURANCE COMPANY

COMES NOW the Defendant, Ruth A. Wilds, through undersigned counsel, and

who files her Counterclaim against the Plaintiff, American National Insurance Company,

("ANICO") and as the basis therefore states as follows:

1.     That on June 18, 2003, the Decedent, Ruth L. Geiger purchased a Flexible

Premium Deferred Annuity, (the "Annuity") from Plaintiff, ANICO, and in doing so

named her daughter, Joan L. Geiger as the beneficiary, and;

2.     That on November 17, 2005, the Decedent took up residence with her

daughter, Ruth A. Wilds, and;

3.     That the primary purpose underlying the decision to move in with her

daughter was that the Decedent was experiencing progressively poor health and required

assistance with her day to day personal needs, which Ruth A. Wilds provided, and;

4.     That on November 28, 2005, the Decedent made a completely unsolicited

and knowing, intelligent and voluntary decision to change the beneficiary on the annuity

from Joan L. Geiger, to Ruth A. Wilds, and;

5.     That prior the decision by the Decedent to make this change, Ruth A.

Wilds was completely unaware of the existence of the annuity, and;

6.     That before a change of beneficiary will be approved by ANICO, it is

required that such a request be made on a "Service Request Form" provided by the company, and that the request not only be signed by the annuitant, but in an effort to prevent fraud, executed by two independent witnesses, all of which was done in this case prior to submission of the proper documents, (see "Service Request Form," attached hereto and incorporated as Defendant's Exhibit A), and;

7.    That on or about November 28, 2005, upon receipt of the properly completed and executed documents, ANICO made the change as requested by the Decedent, and;

8.    That on or about December 14, 2005, Joan L. Geiger learned that her mother had removed her as the beneficiary under the annuity in favor of naming Ruth A. Wilds as such, and;

9.    That in response to having received this information Joan L. Geiger did, on December 15, 2005, contact the Maryland State Police, did allege that Ruth A. Wilds was abusing her mother, and while she did not state any factual basis for her concerns, did request that an investigation be conducted to determine the nature and extent of said abuse and to safeguard her mother from any further abuse, and;

10.    That in response to this request, a team of troopers, among them Trooper William McFarland did respond the home of Ruth A. Wilds, confronting both her and her husband regarding the allegations made by Joan Geiger, which were discovered to be completely without merit, and;

11.    That for reasons that are completely unfathomable to Ruth A. Wilds, and seemingly irrelevant to an abuse investigation, Trooper McFarland did, **prior to responding to the home of Ms. Wilds, without ever having met the Decedent, and**

**with no knowledge whatsoever regarding her intent or lack thereof in changing the beneficiary designation of her annuity** draft a document purporting to indicate that said change, despite being witnessed and properly submitted, was done without her authorization, (see "McFarland Document," attached hereto and incorporated as Defendant's Exhibit B), and;

14. That upon receipt of Trooper McFarland's note ANICO, without discussing the matter with the annuitant, reversed the earlier beneficiary change, reverting same back to Joan L. Geiger, and;

13. That on January 11, 2006, Ruth L. Geiger passed away, and;

14. That subsequent to the Ms. Geiger's death, Joan L. Geiger submitted a request for payment of benefits, and Ruth A. Wilds submitted a similar request, prompting ANICO to initiate the instant action, and;

15. That by reverting the beneficiary under the Decedent's annuity from Ruth A. Wilds to Joan L. Geiger, despite the fact that the Decedent's initial request was properly submitted using the proper forms and with the proper number of witnesses, and by making said change without consulting the Decedent despite the highly unorthodox involvement of Trooper McFarland in this civil matter, ANICO has improperly denied payment to Ruth A. Wilds, and has breached the annuity contract with regard to the wishes of the decedent and payment to Ruth A. Wilds, and has unjustifiably rewarded Joan L. Geiger for committing fraud and using deceit in procuring her status as beneficiary under the annuity.

WHEREFORE, the Defendant, Ruth A. Wilds, respectfully requests that this Honorable Court shall grant unto her the following relief:

A.      Enter an Order recognizing her as the rightful beneficiary under the ANICO policy, number 14377282, and;

B.      Enter an Order requiring ANICO to pay all benefits due and owing under the annuity ($114,791.26) to Ruth A. Wilds, and;

C.      Enter an Order requiring that in addition to the principal owed under the annuity, Joan L. Geiger pay unto Ruth A. Wilds pre and post-judgment interest, and;

D.      Enter an Order awarding the costs of this action, including reasonable attorney's fees to Ruth A. Wilds, and;

E.      Enter an Order reducing the entirety of these funds to a judgment in favor of Ruth A. Wilds, and;

F.      Grant unto the Defendant such other and further relief as the nature of her cause may require.

## DEFENDANT RUTH A. WILDS' ANSWER TO CROSS-CLAIM OF DEFENDANT JOAN L. GEIGER

COMES NOW, the Defendant, Ruth A. Wilds, through undersigned counsel, and who files her Answer to the Cross-claim filed by Defendant Joan L. Geiger, and response states:

1.      That she admits the allegations set forth in paragraph number one of the Defendant's Cross-Claim, and;

2.      That she denies the allegations set forth in paragraph number two of the Defendant's Cross-Claim, and further states, and therefore avers that prior to the issue being raised by the Decedent, she had no knowledge of the existence of the disputed annuity, and that the decision on behalf of the Decedent to make the change in

beneficiary was done in conformance with the requirements of the issuing party (ANICO), was done using the proper ANICO-issued documentation, and was done knowingly, intelligently and voluntarily by the Decedent, and;

3.    That moreover with regard to the allegations set forth in paragraph number two of the Defendant's Cross-Claim, the State Police were never asked, nor did they undertake to conduct a fraud investigation, rather they were asked by Ruth L. Geiger, to conduct an investigation regarding her allegation that her sister was physically abusing the Decedent, and;

4.    That she admits the allegation set forth in paragraph number three of the Defendant's Cross-Claim, and;

5.    That she has insufficient information with which to admit or deny the first part of the allegation set forth in paragraph number four of the Defendant's Cross-Claim, and she therefore denies it. In further answering she additionally denies that in submitting her request for payment Joan L. Geiger "perfected" any claim due to the fact that by fraudulently achieving beneficiary status, she rendered null and void any obligation to her emanating from the annuity contract, and moreover, that by the time Joan L. Geiger requested payment under the annuity ANICO was aware of the existence of a dispute between the parties, and therefore did not remit payment in favor of initiating this action, and;

6.    That with regard to the allegations set forth in paragraph number five of the Defendant's Cross-Claim, she admits that she submitted a claim seeking payment of the annuity benefits, however she denies that she did so improperly, or that she tricked and/or defrauded her mother into making said change, and;

7.      That with regard to the allegations set forth in paragraph number six of the Defendant's Cross-Claim, she admits that ANICO has refused to pay to Joan L. Geiger any benefits due under the annuity, and that ANICO has initiated this Interpleader action, however she has insufficient information with which to admit or deny the remainder of the allegations, and she therefore denies them, and;

8.      That she denies the allegations set forth in paragraph number seven of the Defendant's Cross-Claim, and;

9.      That she denies the allegations set forth in paragraph number eight of the Defendant's Cross-Claim, and;

10.      That she denies the allegations set forth in paragraph number nine of the Defendant's Cross-Claim, and;

11.      That she denies the allegation set forth in paragraph number ten of the Defendant's Cross-Claim, and;

12.      That she denies the allegations set forth in paragraph number eleven of the Defendant's Cross-Claim, and;

13.      That she denies the allegations set forth in paragraph number twelve of the Defendant's Cross-Claim.

WHEREFORE, the Defendant, Ruth A. Wilds respectfully requests that this Honorable Court grant unto her the following relief:

A.      Enter an Order denying all of the relief requested by Defendant Joan L. Geiger in her Cross-Claim against Defendant Ruth A. Wilds, and;

B.      Grant unto her such other and further relief as the nature of her cause may require.

## DEFENDANT RUTH A. WILDS CROSS-CLAIM AGAINST DEFENDANT JOAN L. GEIGER

COMES NOW, the Defendant, Ruth A. Wilds, through undersigned counsel, and who files her Cross-Claim against Defendant Joan L. Geiger, and in support thereof states:

1.      That on June 18, 2003, Ruth L. Geiger, the Decedent, purchased a Flexible Premium Deferred Annuity (the "Annuity") from Plaintiff America National Insurance Company, ("ANICO), naming Defendant Joan L. Geiger as the beneficiary, and;

2.      That on or about December 1, 2005, and for reasons known only to the Decedent, but likely related to the fact that at the time all of her personal needs were being met by Ruth A. Wilds, did make a knowing, intelligent and voluntary decision to change the beneficiary under the annuity from Joan L. Geiger to Ruth A. Wilds, and;

3.      That in making this change, the Decedent first informed Ruth A. Wilds of the existence of the annuity, then asked that the proper forms be obtained, then executed those forms in the presence of not one, but two objective and unbiased witnesses, both of who will attest to the fact that at the time she executed the beneficiary change form the Decedent was clear-headed, was not under any form of duress or coercion, and openly discussed her desire to make said change, and;

4.      That upon learning that she had been removed as beneficiary under the annuity, and mortified that her sister might receive money to which she felt she was entitled, Joan L. Geiger did, on or about December 15, 2005, make a fraudulent report with the Maryland State Police whereby she falsely and without any basis in fact alleged that her mother was being physically abused by Ruth A. Wilds, and that an investigation was needed in order to ensure her mother's safety and wellbeing, and;

5.      That in response to being duped by Joan L. Geiger, Trooper William McFarland, prior to responding to Ruth A. Wilds' residence, prior to investigating the abuse allegation, without having so much as spoken to the Decedent, and being completely unqualified to make any assessments regarding her competency or lack thereof did draft a one paragraph note purporting to document that the change in beneficiary from Joan L. Geiger to Ruth A. Wilds was made in error and without her authorization, (see "McFarland Document" attached hereto and incorporated as Defendant's Exhibit A), and;

6.      That by arriving on December 15, 2005, at the home of Ruth A. Wilds and the Decedent in uniform, openly carrying a weapon, in the presence of at least one other officer, and by representing himself to an elderly and completely surprised woman as an authority figure and asking her to sign a hand-drafted document the subject matter and/effect of which he never explained to her, Trooper McFarland far exceeded the boundaries of his duties as a police officer who was supposedly investigating an allegation of physical abuse, and;

7.      That by filing her false allegation and either tricking or conspiring with Trooper McFarland to exceed his authority in such a manner, Joan L. Geiger did, through Trooper McFarland, perpetrate a fraud upon the Decedent, coercing her under extreme circumstances to execute the attached document that ultimately resulted in the reversion of the beneficiary designation from Ruth A. Wilds back to Joan L. Geiger, and;

8.      That on January 11, 2006, Ruth L. Geiger passed away, and;

9.      That by subsequently requesting payment on the annuity from ANICO, while having knowledge that she had fraudulently obtained the McFarland document,

Joan L. Geiger did further her efforts to improperly obtain payment under the annuity, possibly committing certain federal criminal offenses in the process, and;

10.    That on or about February 3, 2006, Ruth A. Wilds made her request for payment of funds due and owing to her as the proper beneficiary under the annuity, said request being denied by ANICO in light of the dispute between the parties and the initiation of the instant action, and;

11.    That in denying payment to Ruth A. Wilds under her legally valid and enforceable claim, ANICO has caused her to incur expenses, including but not limited to attorney's fees in an effort to protect her interests in this matter, and;

## COUNT ONE

## TORTIOUS INTERFERENCE THROUGH FRAUD, TRICKERY OR UNDUE INFLUENCE

12.    The Defendant incorporates by reference and re-alleges each and every statement above as though more fully set forth herein, and further states, and therefore avers;

13.    That at the time of the death of the Decedent, ANICO had listed Joan L. Geiger as the sole beneficiary under the annuity, and;

14.    That Joan L. Geiger's status as beneficiary was obtained through fraud, trickery and the exercise of undue influence over the Decedent by Trooper William McFarland who, for all intents and purposes, whether knowingly or not, acted as her agent, and;

15.    That the use of Trooper McFarland in re-establishing her position as beneficiary under the annuity represented a calculated effort on the part of Joan L. Geiger

who knew that had she simply presented herself at the home of the Decedent and discussed the Decedent's wishes with her, would not have been successful in re-attaining beneficiary status, and;

16.     That as a result of the actions of Defendant Joan L. Geiger, Defendant Ruth A. Wilds has suffered harm for which she is entitled to receive punitive damages, and;

17.     That the conduct of Joan L. Geiger was gross, oppressive and aggravated, and involved fraud, trickery and deceit perpetrated upon an elderly person with whom she had a close familial relationship, and was made even more disturbing by the fact that she used the Maryland State Police to assist her in this sham and as such, she is entitled to punitive, in addition to compensatory damages from Joan L. Geiger in this case.

WHEREFORE, the Defendant, Ruth A. Wilds respectfully requests that this Honorable Court grant unto her the following relief:

A.     Enter an Order declaring her to be the rightful and proper beneficiary under the annuity, and indicating that any documentation purporting to name Joan L. Geiger as the beneficiary under the annuity is null, void and of no legal effect whatsoever such that Ruth A. Wilds is the sole beneficiary and hence the only person entitled to receive any payment under the annuity, and;

B.     Enter an Order awarding compensatory damages in an amount representing the entirety of the benefits due and owing under the annuity, plus punitive damages in the amount of one hundred thousand ($100,000.00) dollars, plus reasonable attorney's fees, plus interest and costs, all to be reduced to a judgment in favor of Defendant, Ruth A. Wilds, and;

C.    Enter an Order awarding her such other and further relief as justice and the

nature of her cause requires.

Bradley L. MacFee, Sr.
The Law Offices of Bradley L. MacFee, Sr.
608 Baltimore Avenue
Towson, Maryland 21204
(410) 825-5255/telephone
(410 321-8906/facsimle

**Counsel to Defendant, Ruth A. Wilds**

IN THE UNTED STATES DISTRICT COURT FOR THE DISTRICT OF
DELAWARE

AMERICAN NATIONAL                    *
INSIRANCE COMPANY, INC.
                                     *
            Plaintiff
                                     *
                                            Civil No.:  06-237
v                                    *

                                     *
RUTH A. WILDS and
JOAN L. GEIEGER                      *

            Defendants               *

        *       *       *       *       *       *       *       *       *       *       *

## AFFIDAVIT OF SERVICE

STATE OF MARYLAND

COUNTY OF BALTIMORE

TO WIT:

I, Bradley L. MacFee, Sr., Esquire, being duly sworn according to law, do depose

and say that on the 15th day of June, 2005, I did forward to the following via first class

mail, postage prepaid, a copy of Defendant, Ruth A. Wilds Answer to Amended

Complaint and Counter-Complaint against Plaintiff, American National Insurance

Company, and Answer to Cross-Claim, and Cross-Claim against Joan L. Geiger to:

Joan L. Geiger
224 West Roosevelt Avenue
New Castle, Delaware 19720

and

Etta R. Wolfe, Esquire
American National Insurance Company
800 Delaware Avenue, 7th floor
P.O. Box 410
Wilmington, Delaware 19899-0410

and

John F. Brady, Esquire
Brady, Richardson, Beauregard & Chasanov, LLC
P.O. Box 742
Georgetown, Delaware 10047

Bradley L. MacFee, Sr.
The Law Offices of Bradley L. MacFee, Sr.
608 Baltimore Avenue
Towson, Maryland 21204
(410) 825-5255/telephone
(410) 321-8906/facsimile

***Counsel to Defendant Ruth A. Wilds***

SWORN TO me this 15th day of June, 2006

Notary Public

10-1-08

my commission expires

Bradley L. MacFee, Sr.



U.S.M.S
X-RAY

The Law Offices of Bradley L. MacFee, Sr.
608 Baltimore Avenue
Towson, Maryland 21204

The United States District Court for the District
of Delaware
Office of the Clerk (civil)
J. Caleb Buggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

U.S.M.S
X-RAY

