**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-237(KAJ) |
| RUTH A. WILDS and JOAN L. GEIGER, | ) ) | |
| Defendants. | ) | |

**INTERROGATORIES DIRECTED TO JOAN L. GEIGER**

Ruth A. Wilds, pursuant to Rule 34, requests Joan L. Geiger to answer separately in writing under oath the following Interrogatories within thirty (30) days from the date of service hereof at the offices of Donald L. Gouge, Jr., Esquire, Heiman, Gouge & Kaufman, Suite 303, 800 King Street, Wilmington, Delaware 19801. These Interrogatories are deemed continuing and you are to promptly file and serve supplemental answers as additional information becomes known.

**INSTRUCTIONS AND DEFINITIONS**

These instructions and definitions form an integral part of these interrogatories which follow:

    A.    When used in reference to a natural person, "identify", "identity", or "identification" means to provide the following information:

    1.    His full name;
    2.    His present or last known business and residence address;
    3.    His present or last known business or professional affiliation; and
    4.    His present or last known business or professional position, including his job title and description of his job functions, duties, and responsibilities.
    5.    "His" refers to male and/or female.

    B.    <u>Identification of Sources of Answers</u>.

In answering each interrogatory: (i) identify each document relied upon or which forms the basis for the answer given or the substance of which is given in answer to the interrogatory; (ii) state whether the information furnished is within the personal knowledge of the affiant and, if not, the name and address of each person to whom the information is a matter of personal knowledge, if known; and (iii) in lieu of identifying each document, or stating the "terms" or "substance" of a document, a true and correct copy thereof may be annexed thereto and incorporated in the answers to these interrogatories.

    C.    "You" and "Your" shall mean the party to which these interrogatories are directed, its agents, officers, directors, and employees, and all other persons acting or purporting to act on its behalf and all of its representatives, including its attorneys.

    D.    "Person" shall mean an individual, firm, partnership, association, corporation or other legal, business or governmental entity.

    E.    "Document" is used in the broadest sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by hand, namely: studies, analyses, evaluations, reports, reviews, agreements; communications, including intracompany

communications; correspondence; telegrams, cables, memoranda, records; books, summaries of records of personal conversations or interviews; diaries, forecasts; statistical statements; accountants' work papers; graphs; charts, maps; diagrams, blueprints; tables, indices, pictures; recordings; tapes; microfilm; charges; accounts; analytical records; minutes or records of meetings or conferences; reports or summaries of interviews; reports of summaries of investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or date processing cards or discs of any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; and any other document or writing of whatever description, including but not limited to any information contained in any computation although not yet printed out within the possession, custody or control of, or which may be obtained by, the answering party.

   F. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

   G. "Communication" means not only oral communications but also "document" (as defined above), whether or not the document or the information it contains was transmitted by its author to any other person.

   When used in reference to an expert witness, in addition to the information required above, hereinabove, "identify", "identity" or "identification" means to furnish the following information:

   1. A brief chronological resume of the witness' educational and professional background, including the associations and societies of which he is a member;

   2. Identification of all documentary materials published by each expert within his field; and

   3. Identification of all documents examined, prepared, requested or made by each expert with respect to the present case.

   When used in reference to any entity other than a natural person, state:

   1. Its full name;

   2. The address of its principal place of business;

   3. The jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation;

   4. The identity of all individuals who acted and/or who authorized another to act on its behalf in connection with the matter referred to;

   5. In the case of a corporation, the names of its directors and principal officers;

   6. In the case of any entity other than a corporation, the identities of its partners or principals; and

   7. If the entity has been dissolved or ceased to exist, the date on which such dissolution occurred.

   When used in reference to a document, state:

   1. The nature of the document, e.g. letter, contract, memorandum, and any other information, e.g., its title, index, or file number, which would facilitate the identification thereof;

   2. Its date of preparation;

   3. Its present location and the identity (as defined above) of its present custodian and if not known, a description of its last known location;

4. Its subject matter and substance or, in lieu thereof, annex a legible copy of the document to the answers to these interrogatories;

5. The identity (as defined above) of each person who performed any function or had any role in connection therewith, e.g. author, contributor of information, recipient, etc. or who has any knowledge thereof, together with a description of each such person's function, role, or knowledge.

6. The identity (as defined above) of your source of all documents, and if the source is any governmental body, the identity (as defined above) of the individual who provided you with the document; and

7. Whenever the identification of a document is requested and the document is one of a series of two or more pages, or in the case of magnetic tape, microfilm, print-outs etc., is contained in a portion thereof, include in your identification of said document the number of the particular page or pages (or other descriptive aid) and of the particular line or lines thereof upon which the information referred to in the interrogatory or in your answer appears.

## INTERROGATORIES

1. State the names, last known addresses, and telephone numbers of all persons who have direct knowledge of or were eye witnesses to facts alleged in the pleadings, noting specifically the eye witnesses and provide a summary of their knowledge.

2. Give the names, last known addresses, and telephone numbers of all persons other than those listed in the answers to interrogatory 1 who has knowledge of the allegations and facts contained in the pleadings and provide a summary of their knowledge.

3. State the date, names, last known addresses, and telephone numbers of all persons who have been interviewed or statements obtained by you or on your behalf with regard to the facts alleged in the pleadings.

4. State the name and present or last known address of each person who you expect to call as an expert witness at the trial and provide the information required by Fed. R. Civil Procedure 26(a)(1).

5. Please state whether you have ever had a conversation with Ruth Wilds concerning the annuity, their mother or change in beneficiary, and if so, whether such conversation was in each other's presence or over the telephone and the date of each conversation and its substance. Please identify and provide any correspondence or other documents between the parties.

6. Please identify who was present when the document dated December 15, 2005 was purportedly executed by TFC W.E. McFarland and Ruth L. Geiger.

7. Please identify all documents, witnesses and information that supports your claim that Wilds purported to submit a claim for annuity and that she did not have any right to so claim or has any right to payment of the benefits.

8. Please identify all documents, witnesses and information that supports your claim that Wilds change of beneficiary designation to her and Granville Wilds, Sr. was invalid and of no legal force because it was induced by fraud, trickery and undue influence and that Ruth L. Geiger did not intend the purported change.

9. Please detail and provide any documents regarding the results of the fraud investigation that allegedly was commenced by the Maryland State Police

10. Please detail and provide any documents (including medical records) and witnesses who support your contention that Wilds was physically abusing her mother, Ruth L. Geiger.

11. Please identify all information that you or anyone acting on your behalf provided to the Maryland State Police on or about December 15, 2005, including but not limited to Trooper William McFarland.

    Donald L. Gouge, Jr. (DSB #2234)
    800 N. King Street, Suite 303
    Wilmington, DE 19801
    (302) 658-1800x2
    Attorney for Ruth A. Wilds

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMERICAN NATIONAL ) | |
| INSURANCE COMPANY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-237(KAJ) |
| ) | |
| RUTH A. WILDS and JOAN L. GEIGER, ) | |
|     Defendants. ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date listed below that Ruth A. Wilds' initials disclosures and first set of discovery was sent to counsel of record and this notice was filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the individual(s) noted below. The document is available for viewing and downloading from CM/ECF. I also served a hard copy as indicated below:

    John F. Brady, Esquire
    P.O. Box 742
    Georgetown, DE  19947    (U.S. Mail)


                      HEIMAN, GOUGE & KAUFMAN, LLP

                      */s/ Donald L. Gouge, Jr. #2234*
                      Donald L. Gouge, Jr. (DSB # 2234)
                      800 King Street, Suite 303
                      P.O. Box 1674
                      Wilmington, DE 19801
                      (302) 658-1800
                      (302) 658-1473 (fax)
                      dgouge@hgkde.com

Date:   November 29, 2006